# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT H. GARDNER, SR., an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COLLECTCORP CORPORATION, a Delaware Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>Defendants. | Civil Action No. _____<br><br><br>**CLASS ACTION COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Robert H. Gardner, Sr., on behalf of himself and all others similarly situated, by way of Complaint against the Defendants, says:

## I. PARTIES

1. ROBERT H. GARDNER, SR. ("GARDNER") is a natural person who, at all times relevant to this complaint, resided in the City of Phoenix, Maricopa County, Arizona.

2. At all times relevant to this complaint, COLLECTCORP CORPORATION ("COLLECTCORP") is a for-profit corporation existing

pds1359

pursuant to the laws of the State of Delaware. On information and belief, COLLECTCORP maintains its principal business and headquarters in Toronto, Canada.

3. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

## II. JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in the State of Delaware within the meaning of 28 U.S.C. § 1391(b) and (c).

## III. PRELIMINARY STATEMENT

6. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others. The Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*

pds1359

("FDCPA").

7. Such practices include, *inter alia*:

(a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendants' identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

8. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

9. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

10. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

11. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

12. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated, requests that he and the class members be awarded statutory, common law, or actual damages payable by the Defendants.

### IV. FACTS CONCERNING PLAINTIFF

13. Sometime prior to November 2007, GARDNER allegedly incurred a financial obligation to Bank of America arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Gardner Obligation").

14. The alleged Gardner Obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. GARDNER is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. GARDNER is informed and believes, and on that basis alleges, that sometime prior to November 2007, Bank of America either directly or through *mesne* transactions sold the alleged Gardner Obligation to COLLECTCORP for collection.

17. COLLECTCORP collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

18. COLLECTCORP is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Within the one year immediately preceding the filing of this complaint, COLLECTCORP contacted GARDNER numerous times via telephone in an attempt to collect the alleged Gardner Obligation.

20. Within the one year immediately preceding the filing of this complaint, GARDNER received numerous pre-recorded and live telephonic voice messages on his home and cellular telephones ("Messages").

21. Each of the Messages was left by persons employed by COLLECTCORP in an attempt to collect the alleged Gardner Obligation.

22. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Each of the Messages uniformly failed to:

    (a) Provide meaningful disclosure of COLLECTCORP's identity as the caller;

    (b) Disclose that the communication was from a debt collector; and

    (c) Disclose the purpose or nature of the communication (i.e., an

attempt to collect a debt).

24. Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

25. Each of the Messages is false, deceptive, and misleading insofar as COLLECTCORP failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that COLLECTCORP is a debt collector, thereby circumventing Congress's intent to deprive GARDNER of the ability to make an informed decision as to whether he wished to speak with a debt collector.

## V. POLICIES AND PRACTICES COMPLAINED OF

26. It is COLLECTCORP's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, which violate the FDCPA by uniformly failing to:

    (a) Provide meaningful disclosure of COLLECTCORP's identity as the caller;

    (b) Disclose that the communication is from a debt collector; and

    (c) Disclose the purpose or nature of the communication.

27. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the thousands.

## VI. CLASS ALLEGATIONS

28. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks to certify one class.

29. The Plaintiff Class consists of: (i) all persons with addresses in the United States of America; (ii) who received a telephonic voice message from COLLECTCORP; (iii) which message failed to meaningfully identify COLLECTCORP as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication (i.e. an attempt to collect a debt); and (iv) which was left after one-year immediately preceding the filing of this complaint up through and including the date of preliminary class certification.

30. The identities of all class members are readily ascertainable from the records of COLLECTCORP and those companies and governmental entities on whose behalf COLLECTCORP attempts to collect debts.

31. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants, and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

32. The class period is one year prior to the filing of the complaint in this action for all claims under the FDCPA and continues up to and including the date of preliminary class certification.

33. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

34. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

35. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

36. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  (a) **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the class defined above is so numerous that joinder of all members would be impractical.

pds1359

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11);

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because

individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

37. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a) The questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member; and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

pds1359

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

38.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

39.     Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of COLLECTCORP's identity as the caller in violation of 15 U.S.C. § 1692d(6).

(b)     Failing to disclose in its initial communication with the consumer that COLLECTCORP is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11).

(c)     Failing to disclose in all oral communications that COLLECTCORP is a debt collector in violation of 15 U.S.C. § 1692e(11).

## VIII.  PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the putative class as follows:

A.  **For the FIRST CAUSE OF ACTION**:

(a) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing GARDNER and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(b) An award of the maximum statutory damages for GARDNER and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(c) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(d) For such other and further relief as may be just and proper.

Dated: November 5, 2008

> */s/ Vivian A. Houghton, Esq.*
> VIVIAN A. HOUGHTON, ESQ.
> 800 North West Street, Second Floor
> Wilmington, DE 19801
> Telephone: (302) 658-0518
> Facsimile:  (302) 658-5731
> Email: Vivianhoughton@comcast.net
> *Attorneys for Robert H. Gardner, Sr.*
> *and all others similarly situated*

pds1359

## IX. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against the Defendants, and each of them, for each cause of action so triable.

Dated: November 5, 2008

> */s/ Vivian A. Houghton, Esq.*
> VIVIAN A. HOUGHTON, ESQ.
> 800 North West Street, Second Floor
> Wilmington, DE 19801
> Telephone: (302) 658-0518
> Facsimile: (302) 658-5731
> Email: Vivianhoughton@comcast.net
> *Attorneys for Robert H. Gardner, Sr.*
> *and all others similarly situated*

pds1359